UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

LIONEL CADELIS,

                Plaintiff,

           -against-

GREYHOUND LINES, INC.,

                Defendant.

-------------------------------------------------------------------------------x

Civil Case No.

**COMPLAINT**

Plaintiff Requests
A Jury Trial

        Plaintiff, by his attorneys, The Law Office of Jay H. Tanenbaum, as and for his Complaint, respectfully alleges, upon information and belief:

### SUMMARY OF CLAIMS

    1.    Plaintiff, a citizen of the Country of Canada, was injured in a bus accident while a passenger on a bus traveling through Elizabethtown, New York on his way to Montreal Canada.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. 1332 (a) as the amount in controversy is greater than Seventy Five Thousand ($75,000.00) Dollars.

    3.    Venue is set forth in the Northern District of New York Pursuant to 28 U.S.C. 1391(a)(2) as this is the Judicial District in which a substantial part of the events giving rise to the claim occurred.

### PARTIES

    4.    At all times herein mentioned, Plaintiff was, and still is, a resident of the Country of Canada.

    5.    At all times herein mentioned, Defendant, **GREYHOUND LINES, INC.**, was, and still is, a foreign corporation duly licensed to transact business within the State of New York.

    6.    Plaintiff Demands a Jury Trial of all matters relevant to this proceeding.

### SUMMARY OF FACTS

7.    At all times herein mentioned, Defendant, **GREYHOUND LINES, INC.**, was the owner of a bus, a model DL3,  bearing bus number 4014.

8.    At all times herein mentioned, Defendant, **GREYHOUND LINES, INC.**, operated the aforesaid bus.

9.    At all times herein mentioned, Defendant, **GREYHOUND LINES, INC.**, managed the aforesaid bus.

10.    At all times herein mentioned, Defendant, **GREYHOUND LINES, INC.**, controlled the aforesaid motor vehicle.

11.    On August 28, 2006, a bus owned and operated by defendant, **GREYHOUND LINES, INC.**, transported passengers from New York to Montreal, when the bus overturned on the Adirondack Northway just before Exit 31 near Elizabethtown, New York.

12.    That as a result of the aforesaid contact, Plaintiff, **LIONEL CADELIS**, was injured.

13.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant without any fault or negligence on the part of the Plaintiff contributing thereto.

14.    That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid bus and the Defendant was otherwise negligent, careless, reckless and grossly negligent under the circumstances then and there prevailing.

15.    That by reason of the foregoing, Plaintiff, **LIONEL CADELIS**, sustained severe and permanent personal injuries; and Plaintiff **LIONEL CADELIS**, was otherwise damaged.

16.    That Plaintiff, **LIONEL CADELIS**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

17.    That Plaintiff, **LIONEL CADELIS**, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

18.    That Plaintiff, **LIONEL CADELIS**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated

to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

19.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

20.    That by reason of the foregoing, Plaintiff, **LIONEL CADELIS,** has been damaged in a sum of Two and One-Half Million ($2,500,000.00) Dollars.

**WHEREFORE,** Plaintiff demands judgment against the Defendant herein in the amount of Two and One-Half Million (2,500,000.00), or such other amount as the trier of fact determines is appropriate but not less than Seventy-Five Thousand ($75,000.00) Dollars, together with the costs and disbursements of this action.

Dated:  Nassau, New York
        August 6, 2007

MICHAEL B. ZARANSKY (MZ-2300)
OF COUNSEL TO THE
LAW OFFICES OF JAY H. TANENBAUM
Attorney for Plaintiff
110 Wall Street, 16th Floor
New York, New York 10005
(212) 422-1765
Our File No. 06J-0081

CHAPMAN ZARANSKY LLP

Index No. CIVIL CASE NO. Year 20

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LIONEL CADELIS,

Plaintiff,

-against-

GREYOUND LINES, INC.

Defendants

# COMPLAINT

CHAPMAN ZARANSKY LLP
Attorney(s) for Of Counsel to Jay H. Tanenbaum
Plaintiff LIONEL CADELIS
Office and Post Office Address, Telephone
114 OLD COUNTRY ROAD
SUITE 680
MINEOLA, NEW YORK 11501
(516) 741-6601

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for ....................................

Sir: Please take notice

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 20

☐ *NOTICE OF SETTLEMENT*
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named Court, at
on the day of 20 at M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR §130-1.1-a.

Yours, etc.
CHAPMAN ZARANSKY LLP
Attorney(s) for
Office and Post Office Address
114 OLD COUNTRY ROAD
SUITE 680
MINEOLA, NEW YORK 11501
(516) 741-6601

To

Attorney(s) for

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

LIONEL CADELIS

**DEFENDANTS**

GREYOUND LINES, INC.

**(b)** County of Residence of First Listed Plaintiff    Montreal, Canada
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Dallas, Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)    10005
Law Office of Jay H. Tanenbaum, 110 Wall Street, 16th Floor, NY, NY
(212) 422-1765

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)). | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        another district
        (specify)

☐ 6   Multidistrict
        Litigation

☐ 7   Appeal to District
        Judge from
        Magistrate
        Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332(a)(2) and 28 U.S.C. 1391(a)(2)

Brief description of cause:
Plaintiff was a passenger on a Greyhound Bus which had in accident near Exit 31 of Adirondack, Northway

## VII. REQUESTED IN    COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $ 2,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)    IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE

09/21/2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | NEW YORK |
|---|---|---|

LIONEL CADELIS

## SUMMONS IN A CIVIL ACTION

V.

GREYHOUND LINES, INC.

CASE NUMBER:   8:07CV0994 LEK-DRH

TO: (Name and address of Defendant)

GREYHOUND LINES, INC.
15110 NORTH DALLAS PARKWAY
DALLAS, TEXAS 75248-4635
% CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

THE LAW OFFICE OF JAY H. TANENBAUM
110 WALL STREET, 16TH FLOOR
NEW YORK, NEW YORK 10010

an answer to the complaint which is served on you with this summons, within _____TWENTY (20)_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

Clerk of Court



| CLERK | DATE | 9/21/2007 |
|---|---|---|

s/P. Aton

(By) DEPUTY CLERK

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

        I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                              *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Print      Save As...      Export as FDF      Retrieve FDF File      Reset

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

# NOTICE

## THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **sixty (60) days** of filing this action.

The attached Civil Case Management Plan must be completed and filed with the clerk no later than **ten (10) days** prior to the conference date referenced below.

CONFERENCE DATE/TIME: **January 23, 2008, at 10:00 a.m.**

CONFERENCE LOCATION: **Albany, New York**

BEFORE MAGISTRATE JUDGE: **DAVID R. HOMER**

CONTENTS:

- ✪     General Order #25 (Filing Order)

- ✪     Case Management Plan (Attachment B)

- ✪     Case Assignment/Motion Schedules and Filing Locations (Attachment C)

- ✪     Consent Form to Proceed before U.S. Magistrate Judge (Attachment D)

**NOTE: IF THIS IS A QUALIFYING CONTRACT, TORT OR NON-PRISONER CIVIL RIGHTS CASE IT WILL BE DIVERTED INTO THE DISTRICT'S NON-BINDING ALTERNATIVE DISPUTE RESOLUTION PROGRAM (ADR) FOR Arbitration, Mediation or Early Neutral Evaluation.  The Clerk will indicate the appropriate track based on the Nature of Suit.**

---

   X   ADR Track

---

Form Date - 06/13/2007

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

### GENERAL ORDER #25

### I. PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner. To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990. This will tailor the level of individualized case management needs to such criteria as case complexity, and the amount of time reasonably needed to prepare the case for trial.

### II. SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, cases remanded from the appellate court, reinstated and reopened cases, and cases in the following nature of suit categories indicated on the civil cover sheet: Prisoner Petitions(510-550), Forfeiture/Penalty (610-690), Bankruptcy (422-423), Social Security (861-865) Contracts (only nos. 150: Recovery of Overpayment and Enforcement of Judgment 151: Medicare Act, 152: Recovery of Defaulted Student Loans, 153: Recovery of Overpayment of Veteran's Benefits, and other contract actions which involve the collection of debts owed to the United States), Real Property (only no. 220: Foreclosure, and other Statutes (only no. 900: Appeal of Fee Determination Under Equal Access to Justice).

*Note - When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the courts web-site at www.nynd.uscourts.gov.

### III. SERVICE

#### A. Timing:

When serving a Complaint or Notice of Removal, the filing party shall serve on all other parties a copy of this General Order and the attached materials. Service of process should be completed within **Sixty** (60) days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

#### B. Filing Proof(s) of Service:

Proof(s) of service of process are to be filed with the clerk's office no later than five (5) days after service of the complaint or notice of removal with a copy of this General Order.

#### C. Non Compliance with Sixty (60) Day Service Requirement:

In the event that the filing party cannot comply with the Sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the attached Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference. Proof of service of such notice shall then be immediately filed with the clerk's office.

## IV.  ADDITIONAL PARTIES

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action shall promptly serve on that new party a copy of General Order 25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the court.

## V.  REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials.  The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

## VI.  TRANSFERRED CASES

The clerk shall serve a copy of this General Order on all parties that have appeared in any action transferred to this district. The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order. It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in the action at the time of transfer.

Attorneys appearing in transferred cases are reminded of their obligation to be properly admitted to this district in accordance with Local Rule 83.1.

## VII.   MATERIALS INCLUDED WITH THIS GENERAL ORDER PACKET

A)    Notice of Initial Rule 16 Case Management Conference
B)    Civil Case Management Plan
C)    Case Assignment Form
D)    Notice and Consent Form to Exercise of Jurisdiction by a United States Magistrate Judge

## VIII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible. We offer a wide selection of non-binding alternative dispute resolution (ADR) options - each of which provides different kinds of services so that parties can use the procedure that best fits the particular circumstances of their case.  Selected Contract, Tort and non-prisoner Civil Rights cases will be diverted into Court-Annexed non-binding Arbitration, Mediation or Early Neutral Evaluation. The Northern District of New York alternative dispute resolution programs are governed by Local Rules 83.7 (Arbitration), 83.11-1, (Mediation), and 83.12-1 (Early Neutral Evaluation). The parties are encouraged to discuss the ADR alternatives in advance of the Rule 16 Pretrial Conference. At the Rule 16 Pretrial Conference, the assigned Magistrate Judge or District Court Judge will assist the parties in the selection of an appropriate ADR alternative.

In addition to Arbitration, Mediation and Early Neutral Evaluation, the court also offers the following ADR processes:

### A) Settlement Conferences:

The parties are advised that the court will honor a request for a settlement conference at any stage of the proceeding. A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

### B) Consent to Jury or Court Trial Before A United States Magistrate Judge:

By written stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial. A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge. The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge. Parties often consent to resolution of their civil disputes by magistrate judge bench or jury

trial because magistrate judges have less crowded calendars.

## IX. DISCOVERY

**A. <u>Discovery Motions:</u>** Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of Local Rule 7.1(d). In addition, no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judges' chambers.

**B. <u>Filing Discovery:</u>** Parties are directed <u>not</u> to file discovery material unless it is being filed in accordance with Local Rule 26.2.

For additional information on local requirements related to depositions and discovery please refer to Section V. of the Local Rules of this court.

## X. MOTIONS

**A. <u>Motion Return Dates:</u>** Please refer to the attached case assignment form for a complete listing of the motion return dates for the judges and magistrate judges of this court.

For additional information on local requirements related to motion practice, please refer to Local Rule 7.1.

## XI. CASE MANAGEMENT CONFERENCE

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall as soon as practicable, meet to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **ten (10) days** prior to the conference date. The NOTICE setting the date, time, and location for the initial Rule 16 conference with the court is included as part of this filing order.

The Civil Justice Reform Act Plan of this court requires the court to set "early, firm" trial dates, such that the trial is scheduled to occur within eighteen (18) months after the filing of the complaint, unless a judicial officer certifies that (I) the demands of the case and its complexity make such a trial date incompatible with serving the ends of justice; or (II) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XII. ELECTRONIC FILING

As of January 1, 2004, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system. Refer to General Order #22 for procedures for filing documents electronically. Attorneys must be registered for both PACER and CM/ECF. Consult the CM/ECF section of the courts web-site at <u>www.nynd.uscourts.gov</u> for PACER registration, CM/ECF registration, CM/ECF training dates, and General Order #22.

<div align="center">

**REVISED GENERAL ORDER #25**
**Dated:   June 13, 2007**

_s/_ _____

**Hon. Norman A. Mordue.**
**Chief U.S. District Judge**

</div>

G-25.ord - FRM Date: 06/13/07

The 3/30/95 revision clarifies the time frame for filing the case management plan. The revision also includes a provision for issuing G-25 orders on excepted actions when the court deems it appropriate to schedule a Rule 16 conference.

The 3/26/97 revision expands the scope of ADR programs offered by the Northern District of New York and removes the reference to General Order #41 which was incorporated into Local Rule 7.1(b)1 on January 1, 1997.

The 11/30/00 revision allows for the inclusion of non-prisoner civil rights cases in the ADR program.

The 04/01/02 revision modifies Section IX - Discovery motions.

The 06/18/04 revision adds Section XII - Electronic Filing.

The 06/13/2007 revision includes a modification to the civil case management plan document attached to this General Order - in re: Electronic Discovery.

## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**Lionel Cadelis**

No. **07-CV-0994, LEK/DRH**

VS

**Greyhound Lines, Inc.**

_____

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID R. HOMER, United States Magistrate Judge on **January 23, 2008, at 10:00 a.m.** at the United States Courthouse, Room Number 441, at Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _____ day of _____, _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the _____ day of _____, _____.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the _____ day of _____, _____. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the _____ day of _____, _____. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date - 06/13/2007

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _____ day of _____, _____.  It is anticipated that the trial will take approximately _____ days to complete.   The parties request that the trial be held in _____, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** _____(YES) / _____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

_____
_____
_____
_____
_____

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

_____
_____
_____

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

_____
_____
_____

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

_____
_____
_____

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

_____
_____
_____

**12) DISCOVERY PLAN:**

**A.    Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before

_____

**B.    Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

_____

_____

_____

**C.    Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

_____

_____

_____

**D.    Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

_____

_____

_____

**E.**    **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

_____

_____

_____

**F.**    **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

_____

_____

_____

**G.**    **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

_____

_____

_____

**H.**    **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26©, describe the basis for the request and nature of the proposed protective order.

_____

_____

_____

**I.**    **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

_____

_____

_____

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

_____

_____

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

_____

_____

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

_____

_____

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
**(VERY UNLIKELY)➡ ➡ ➡ ➡ ➡ ➡ ➡ ➡ ➡ ➡ (LIKELY)**

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____        ARBITRATION

_____        MEDIATION

_____        EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____and was attended by:                                                    (Date)                              (Place)

_____for plaintiff(s)

_____for defendant(s)_____
                                                                                                                         (party name)

_____for defendant(s)_____
                                                                                                                         (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*

Case Management Plan
Form Date - 06/13/2007

<u>CASE ASSIGNMENT FORM</u>

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

**CIVIL ACTION NUMBER __ 07-CV-0994, LEK/DRH __**

ALL CORRESPONDENCE AND FILINGS SHOULD BEAR THE INITIALS OF THE ASSIGNED JUDGE AND MAGISTRATE JUDGE IMMEDIATELY FOLLOWING THE CIVIL ACTION NUMBER.
(*IE: CIVIL ACTION NO 5:02-CV-0123, FJS-GJD*)

DOCUMENTS SHOULD BE FILED IN ACCORDANCE WITH GENERAL ORDER #22.

ACTION ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE CHECKED BELOW:

|  |  | **INITIALS** |
|---|---|---|
| __X__ | JUDGE LAWRENCE E. KAHN | (LEK) |
| __X__ | MAGISTRATE JUDGE DAVID R. HOMER | (DRH) |

<u>PRO SE LITIGANTS:</u>
<u>SEND ALL ORIGINAL PAPERS TO THE CLERK'S OFFICE LISTED BELOW:</u>

> Clerk, U.S. District Court
> James T. Foley U.S. Courthouse
> 445 Broadway
> Albany NY 12207-2936

**All papers filed with the Court must conform to Local Rule 10.1**

**~ COUNSEL ~**

**ALL DOCUMENTS SHALL BE FILED ELECTRONICALLY**
**ON THE COURT'S CM/ECF SYSTEM**

**PLEASE REFER TO GENERAL ORDER #22**
**FOR PROCEDURES FOR FILING DOCUMENTS ELECTRONICALLY**

ALL **NON-DISPOSITIVE** MOTIONS ARE TO BE MADE RETURNABLE ON A SUBMIT BASIS BEFORE THE ASSIGNED **MAGISTRATE JUDGE**. *PLEASE REFER TO LOCAL RULE 7.1(B)1.* **ALL MOTIONS FILED AND MADE RETURNABLE BEFORE MAGISTRATE JUDGES WILL BE TAKEN ON A SUBMIT BASIS UNLESS:** THE PARTIES REQUEST ORAL ARGUMENT AND/OR THE COURT DIRECTS THE PARTIES TO APPEAR FOR ORAL ARGUMENTS, PROVIDED, HOWEVER, THAT MAGISTRATE JUDGE DAVID E. PEEBLES REQUIRES ORAL ARGUMENT ON ALL MOTIONS UNLESS THE COURT DIRECTS OTHERWISE.

SENIOR JUDGE McCURN AND SENIOR JUDGE MUNSON WILL NOT HAVE REGULAR MOTION DAYS DURING THE MONTH OF AUGUST. MOTIONS MAY NOT BE FILED WITHOUT PRIOR APPROVAL OF THE COURT DURING THESE PERIODS.

For more specific schedules please visit our website at:
**www.nynd.uscourts.gov**

## MONTHLY MOTION SCHEDULES

| **JUDGE LAWRENCE E. KAHN** | **MAGISTRATE JUDGE DAVID R. HOMER** |
|---|---|
| 9:30 A.M.- 1ST AND 3RD FRIDAY OF EACH MONTH AT ALBANY. - All Motions ON SUBMIT unless otherwise notified by the Court. Any request for oral argument must be submitted to the Court, in writing, no later than 10 days prior to the motion return date. | 9:30 A.M.- 3RD THURSDAY OF EACH MONTH AT ALBANY. |

**CONSENT TO THE EXERCISE**
**OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE**


In accordance with the provisions of 28 U.S.C. Section 636©, you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s)and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636© (3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).


Copies of the consent form are available in any office of the clerk of the court and on the court webpage at
www.nynd.uscourts.gov


**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

# UNITED STATES DISTRICT COURT
## Northern District of New York

| | |
|---|---|
| **Lionel Cadelis** | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| **VS** | Case Number: **07-CV-0994, LEK/DRH** |
| **Greyhound Lines, Inc.** | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636©, and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION
### BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§636© and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to **DAVID R. HOMER** United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636© and Fed. R. Civ. P. 73.

| | |
|---|---|
| Date | United States District Judge |

NOTE:  RETURN THIS FOR TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

ADR NOTICE TO LITIGANTS

THIS NOTICE SHOULD BE SERVERD WITH THE GENERAL ORDER 25 FILING PACKET, ALONG WITH THE SUMMONS AND COMPLAINT ON THE DEFENDANTS.

This action has been identified for tracking in the court-annexed Alternative Dispute Resolution Program (ADR).

Designated Nature of Suite Codes in Contract, Tort and Non-Prisoner Civil Rights Cases as follows:

<u>Contract</u>
110-140, 160-195

<u>Torts</u>
310-385

<u>Non-Prisoner Civil Rights</u>
440-444

Parties must confer <u>prior to the status conference</u> in order to:

1. Complete the proposed case management plan:
2. Select an ADR program;
3. File the proposed plan at least 10 days before the conference.

During the conference, the Magistrate Judge will discuss the case management plan, ADR programs and assist the parties in their selection.

LAWRENCE K. BAERMAN, CLERK

By: April Hudson, ADR Administrator
(315)234-8558

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LIONEL CADELIS,

                              Plaintiffs,

        -against-

GREYHOUND LINES, INC.,

                         Defendants.
-----------------------------------------------------------------------X

Civil Action No.
8:07-CV-00994
(LEK/DRH)


DISCLOSURE
STATEMENT
PURSUANT TO F.R.C.P.
RULE 7.1

**PLEASE TAKE NOTICE,** that the defendant, GREYHOUND LINES, INC. ("GLI"),

by its attorneys, Fabiani Cohen & Hall, LLP, as and for its Disclosure Statement Pursuant to

F.R.C.P. Rule 7.1 sets forth as follows:

       GLI is a Delaware corporation. Laidlaw Transportation Holdings, Inc. ("LTHI") owns

100% of the stock of GLI. Laidlaw Transportation, Inc. ("LTI") owns 100% of the stock of

LTHI. Laidlaw International Inc., owns 100% of the stock of LTI.

**Dated:**       **New York, New York**
               **November 21, 2007**

                                **Yours, etc.,**

                                **FABIANI COHEN & HALL, LLP**

                                **Kevin B. Pollak**
                                **Northern District Bar Number: 514693**
                                **Attorneys for Defendant**
                                **GREYHOUND LINES, INC.**
                                **570 Lexington Avenue, 4th Floor**
                                **New York, New York 10022**
                                **(212) 644-4420**

**TO:**  **Office of J. H. Tanenbaum**
**Attorneys for Plaintiff**
**110 Wall Street, 16th Floor**
**New York, New York 10005**
**Tel: (212)422-1765**

**Chapman, Zaransky Law Firm**
**Attorneys for Plaintiff**
**114 Old Country Road, Suite 680**
**Mineola, New York 11501**
**Tel: (516)741-6601**

2

Lionel Cadelis v. Greyhound Lines, Inc.,
8:07-CV-00994-LEK-DRH  -  Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. RULE 7.1** was filed electronically via ECF and was also served via first class mail, postage prepaid, this 21st day of November, 2007, to:

**Office of J. H. Tanenbaum**
**Attorneys for Plaintiff**
**110 Wall Street, 16th Floor**
**New York, New York 10005**
**Tel: (212)422-1765**

**Chapman, Zaransky Law Firm**
**Attorneys for Plaintiff**
**114 Old Country Road, Suite 680**
**Mineola, New York 11501**
**Tel: (516)741-6601**

Kevin B. Pollak
Northern District Bar Number: 514693

Sworn to before me this
21st day of November, 2007.

NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20___

372668.1

-----------------------------------------------------------------------X

LIONEL CADELIS,

                          Plaintiffs,

      -against-

GREYHOUND LINES, INC.,

                      Defendants.

Civil Action No.
8:07-CV-00994
(LEK/DRH)

-----------------------------------------------------------------------X

## DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. RULE 7.1

**FABIANI COHEN & HALL, LLP**
**Attorneys for Defendant**
**GREYHOUND LINES, INC.**
**570 Lexington Avenue-4th Floor**
**New York, New York 10022**
**(212) 644-4420**

To:  Attorney(s) for:
Sir(s):

      PLEASE TAKE NOTICE that a                 of which the within is a
(true) (certified) copy

      [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2007

      [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
      *one of the judges of the within named court at the Courthouse at* on  ,    2007 at
o'clock

Dated:

                            Yours, etc.,
                FABIANI COHEN & HALL, LLP
             570 Lexington Avenue, 4th Floor
              New York, New York 10022
                  (212) 644-4420

To:

Attorney(s) for:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
LIONEL CADELIS,

                             **Plaintiff,**

      **-against-**

**GREYHOUND LINES, INC.,**

                            **Defendant.**
-----------------------------------------------------------------------------X

Civil Action No.
8:07-CV-00994
(LEK/DRH)

**ANSWER**

**Jury Trial Demanded**

       Defendant, GREYHOUND LINES, INC., by its attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiff's Complaint, sets forth, upon information and belief, the following:

### SUMMARY OF CLAIMS

       **FIRST:**     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiff's complaint.

### JURISDICTION AND VENUE

       **SECOND:**     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

       **THIRD:**     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "3" of the plaintiff's complaint.

### PARTIES

       **FOURTH:**     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "4" of the plaintiff's complaint.

372694.1

FIFTH:    Admits the allegations contained in Paragraph No. "5" of the plaintiff's complaint.

SIXTH:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "6" of the plaintiff's complaint and begs leave to refer to the pleadings at the time of trial

## SUMMARY OF FACTS

SEVENTH:    Denies each and every allegation contained in Paragraph No. "7" of the plaintiff's complaint.

EIGHTH:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiff's complaint, except admits that on August 28, 2003, an employee of Greyhound, Ronald Burgess, operated an MCI bus, model 102DL3 bearing Texas registration number R7HW58, during the course of his employment with Greyhound and with Greyhound's permission and consent.

NINTH:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiff's complaint, except admits that on August 28, 2003, an employee of Greyhound, Ronald Burgess, operated an MCI bus, model 102DL3 bearing Texas registration number R7HW58, during the course of his employment with Greyhound and with Greyhound's permission and consent.

TENTH:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiff's complaint, except admits that on August 28, 2003, an employee of Greyhound, Ronald Burgess, operated an MCI bus, model 102DL3 bearing Texas registration number R7HW58, during the course of his employment with Greyhound and with Greyhound's permission and consent.

2

ELEVENTH: Denies the alle gations contained in Paragraph No. "11" of the plaintiff's complaint, except admits that on August 28, 2003, the subject bus which contained passengers, and which was being driven by Ronald Burgess from New York to Montreal, was traveling on Interstate I-87 in or near Elizabethtown, New York.

TWELFTH:    Denies each and every allegation contained in Paragraph No. "12" of the plaintiff's complaint.

THIRTEENTH:    Denies each and every allegation contained in Paragraph No. "13" of the plaintiff's complaint.

FOURTEENTH:        Denies each and every allegation contained in Paragraph No. "14" of the plaintiff's complaint.

FIFTEENTH: Denies each and every allegation contained in Paragraph No. "15" of the plaintiff's complaint.

SIXTEENTH:    Denies each and every allegation contained in Paragraph No. "16" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

SEVENTEENTH:        Denies each and every allegation contained in Paragraph No. "17" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

EIGHTEENTH:        Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "18" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

NINETEENTH:        Denies each and every allegation contained in Paragraph No. "19" of the plaintiff's complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTIETH:        Denies each and every allegation contained in Paragraph No. "20" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-FIRST:        Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of Greyhound, its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover Greyhound.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SECOND:        Notwithstanding that Greyhound has denied liability herein, in the event that liability is found, the liability of Greyhound shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of Greyhound for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-THIRD:        That to the extent plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments,

4

Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Upon information and belief, the injuries sustained by plaintiff are such that they do not fall within the requirements of Insurance Law §5102, et seq.

**WHEREFORE,** defendant, GREYHOUND LINES, INC., demands:

1.     Judgment dismissing the Complaint;

2.     Together with the costs and disbursements of this action.

**Dated:**     **New York, New York**
          **November 21, 2007**

                         **Yours, etc.,**

                         **FABIANI COHEN & HALL, LLP**

                         _____
                         **Kevin B. Pollak**
                         **Northern District Bar No.: 514693**
                         **Attorneys for Defendant**
                         **GREYHOUND LINES, INC.**
                         **570 Lexington Avenue, 4th Floor**
                         **New York, New York 10022**
                         **(212) 644-4420**

**TO:**   **Jay H. Tanenbaum**
          **OFFICE OF JAY H. TANENBAUM**
          **110 Wall Street, 16th Floor**
          **New York, New York 10005**
          **(212) 422-1765**

          **Michael B. Zaransky**
          **CHAPMAN, ZARANSKY LAW FIRM**
          **114 Old Country Road, Suite 680**
          **Mineola, New York 11501**
          **(516) 741-6601 ext. 226**

372694-1

Lionel Cadelis v. Greyhound Lines, Inc.,
8:07-CV-00994-LEK-DRH  -  Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER - JURY TRIAL DEMANDED**
was filed electronically via ECF and was also served via first class mail, postage prepaid, this
21st day of November, 2007, to:

**Office of J. H. Tanenbaum**
**Attorneys for Plaintiff**
**110 Wall Street, 16th Floor**
**New York, New York 10005**
**Tel: (212)422-1765**

**Chapman, Zaransky Law Firm**
**Attorneys for Plaintiff**
**114 Old Country Road, Suite 680**
**Mineola, New York 11501**
**Tel: (516)741-6601**

Kevin B. Pollak
Northern District Bar Number: 514693

Sworn to before me this
21st day of November, 2007.

NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20 / /

372668.1

--------------------------------------------------------------------------X

LIONEL CADELIS,

<table>
<tr><td></td><td></td><td></td></tr>
</table>

|                          |                | Civil Action No. |
|--------------------------|----------------|------------------|
|                          | **Plaintiffs,** | 8:07-CV-00994    |
|                          |                | (LEK/DRH)        |

-against-

**GREYHOUND LINES, INC.,**

                                        **Defendants.**

--------------------------------------------------------------------------X

---

## ANSWER – JURY TRIAL DEMANDED

---

### FABIANI COHEN & HALL, LLP
**Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue-4th Floor
New York, New York 10022
(212) 644-4420**

To: Attorney(s) for:
Sir(s):

     PLEASE TAKE NOTICE that a              of which the within is a
(true) (certified) copy

     [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2007

     [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on   ,   2007 at
o'clock

Dated:

Yours, etc.,
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To:

Attorney(s) for:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LIONEL CADELIS,

                                    Plaintiff,

     - against -

GREYHOUND LINES, INC.,

                                    Defendant.
---------------------------------------------------------------X

                                         Civil Action No.
                                         8:07-CV-00994
                                         (LEK/DRH)

                                         STIPULATION

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

parties that the parties consent to the transfer of the above-entitled action from the United States

District Court, Northern District of New York to the United States District Court, Southern

District of New York.

FABIANI COHEN & HALL, LLP               OFFICE OF JAY H. TANENBAUM
_____         _____
Kevin B. Pollak                         Jay H. Tanenbaum
Northern District Bar No.: 514693       Northern District Bar No.: 51453)
Attorneys for Defendant                 Attorneys for Plaintiff
GREYHOUND LINES, INC.                   110 Wall Street, 16th Floor
570 Lexington Avenue, 4th Floor         New York, New York 10005
New York, New York 10022                (212) 422-1765
(212) 644-4420

                                        CHAPMAN, ZARANSKY LAW FIRM
                                        _____
                                        Michael B. Zaransky
                                        Northern District Bar No.:
                                        Attorneys for Plaintiff
                                        114 Old Country Road, Suite 680
                                        Mineola, New York 11501
                                        (516) 741-6601 ext. 226

Dated:       New York, New York
             March 3, 2008

        SO ORDERED


_____
        USDJ

379894.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LIONEL CADELIS,

                                        Plaintiff,

        - against -

GREYHOUND LINES, INC.,

                                        Defendant.
-----------------------------------------------------------------------X

Civil Action No.
8:07-CV-00994
(LEK/DRH)

STIPULATION

        IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

parties that the parties consent to the transfer of the above-entitled action from the United States

District Court, Northern District of New York to the United States District Court, Southern

District of New York.

FABIANI COHEN & HALL, LLP

_____
Kevin B. Pollak
Northern District Bar No.: 514693
Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

OFFICE OF JAY H. TANENBAUM

_____
Jay H. Tanenbaum
Northern District Bar No.:
Attorneys for Plaintiff
110 Wall Street, 16th Floor
New York, New York 10005
(212) 422-1765

CHAPMAN, ZARANSKY LAW FIRM

_____
Michael B. Zaransky
Northern District Bar No.: S14575
Attorneys for Plaintiff
114 Old Country Road, Suite 680
Mineola, New York 11501
(516) 741-6601 ext. 226

Dated:        New York, New York
              March 3, 2008

        SO ORDERED

_____
        USDJ

379894.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LIONEL CADELIS,

                                                  Plaintiff,                      Civil Action No.
                                                                                  8:07-CV-00994
                                                                                  (LEK/DRH)

         - against -
                                                                                  STIPULATION
GREYHOUND LINES, INC.,

                                                  Defendant.
------------------------------------------------------------------X

         IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

parties that the parties consent to the transfer of the above-entitled action from the United States

District Court, Northern District of New York to the United States District Court, Southern

District of New York.

FABIANI COHEN & HALL, LLP                      OFFICE OF JAY H. TANENBAUM
_____                      _____
Kevin B. Pollak                                Jay H. Tanenbaum
Northern District Bar No.: 514693              Northern District Bar No.:
Attorneys for Defendant                        Attorneys for Plaintiff
GREYHOUND LINES, INC.                          110 Wall Street, 16th Floor
570 Lexington Avenue, 4th Floor                New York, New York  10005
New York, New York  10022                      (212) 422-1765
(212) 644-4420
                                               CHAPMAN, ZARANSKY LAW FIRM
                                               _____
                                               Michael B. Zaransky
                                               Northern District Bar No.: 514525
                                               Attorneys for Plaintiff
                                               114 Old Country Road, Suite 680
                                               Mineola, New York  11501
                                               (516) 741-6601 ext. 226

Dated:         New York, New York
               March 3, 2008

         SO ORDERED

_____
                USDJ
                   M 3/6/08

379894.1