UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
LIONEL CADELIS,                                             08 CV 2439 (PKL)
                     Plaintiff,

                                                                     **AMENDED COMPLAINT**

      -against-

                                                                      Plaintiff Requests
GREYHOUND LINES, INC., and THE                              A Jury Trial
GOODYEAR TIRE & RUBBER COMPANY,

                     Defendants.
---------------------------------------------------------------------------x

### PLAINTIFF'S AMENDED COMPLAINT

      Plaintiff LIONEL CADELIS (hereinafter "Plaintiff" or "Cadelis") by and through his undersigned counsel, files his Amended Complaint for damages and allege as follows:

### Jurisdiction and Venue

      1.    Subject matter jurisdiction arises from the crash of a Greyhound bus and is proper in this Court pursuant to 28 U.S.C. § 1332(a) because defendant Greyhound Lines, Inc. is a foreign corporation organized and existing under the laws the State of Delaware and with its principal place of business in the State of Texas, defendant Goodyear Tire and Rubber Company, Inc. is a foreign corporation organized and existing under the laws of the State of Ohio and with its principal place of business in the State of Ohio, and Plaintiff is a resident of a foreign country, and brings this action on behalf of himself who is domiciled in Canada and the matter in controversy exceeds the sum of $75,000 excluding interest and costs.

      2.    The Court has *in personam* jurisdiction over the defendants because at all times material to this cause of action they were and are foreign corporations for profit organized and existing under the laws of a state other than New York but regularly and continually conducting

business in the State of New York and having sufficient contacts with the State of New York, both generally and with regard to this specific action, that the exercise of personal jurisdiction over them does not offend Due Process, the traditional notions of fair play or substantial justice and is proper.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391, as defendants conduct substantial business in this District and are subject to personal jurisdiction within this District.

### Plaintiff

4.  At all times relevant to this Complaint, Plaintiff was and is a citizen of and domiciled in Canada, and was a paying passenger on defendant Greyhound's bus, which crashed on I-87 near Elizabethtown, New York on August 28, 2006.

### Defendants

5.  Defendant Greyhound Lines, Inc. (hereinafter "Greyhound" or "defendant") is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Texas. Greyhound conducts substantial business in the State of New York and within this District.

6.  Defendant The Goodyear Tire and Rubber Company (hereinafter "Goodyear" or "defendant") is a corporation organized and existing under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio. Goodyear conducts substantial business in the State of New York and within this District.

## General Allegations

7. At all times mentioned herein, defendant Greyhound was and is in the business of owning, operating, managing, controlling, inspecting and maintaining, by and through its servants, agents and employees, commercial buses, and as such, it owned, operated, managed, controlled, inspected and maintained the bus upon which plaintiff Cadelis was riding at the time of the accident at issue in this case.

8. At all times mentioned herein, defendant Goodyear was and is in the business of designing, developing, inspecting, marketing, selling and leasing tires for commercial buses and maintaining, by and through its servants, agents and employees, tires for commercial buses, and as such, it designed, developed, inspected, marketed, sold, leased and maintained the tires used on the bus upon which the passenger plaintiffs were riding at the time of the accident at issue in this case.

9. At all times mentioned herein, Greyhound operated as a common carrier in that its buses were made available for transportation to the general fare-paying public.

10. At all times mentioned herein, Ronald Burgess was an employee of Greyhound.

11. At all times mentioned herein, Ronald Burgess operated a bus owned, managed, controlled, inspected and maintained by Greyhound with Greyhound's permission and consent and within the course and scope of his employment with Greyhound.

12. On or about August 28, 2006, Greyhound owned, leased, maintained, managed, controlled and operated a 2001 MCI Greyhound Bus Number 4014, model DL-3 bearing Texas state registration number R7HW58 ("the subject bus").

13. On or about August 28, 2006, the tires on the subject bus were designed, developed, marketed, owned by and leased to Greyhound by Goodyear ("the Goodyear tires").

14. On or about August 28, 2006, Ronald Burgess operated the subject bus on its route between New York City and Montreal, Quebec and with the express and implied permission of Greyhound was responsible for the security of the subject bus and the safety of those in the subject bus.

15. On or about August 28, 2006, Cadelis was a fare-paying passenger on the subject bus, having paid good and valuable consideration for their transportation.

16. On or about August 28, 2006, the subject bus, driven by Ronald Burgess and on which Cadelis was riding, was traveling northbound on Interstate-87, a public roadway or thoroughfare, in or near Elizabethtown, New York.

17. On or about August 28, 2006, Ronald Burgess operated the subject bus negligently by driving at an excessive speed and being inattentive to his driving responsibilities, the state of the bus equipment and the conditions of the roadways.

18. On or about August 28, 2006, a tire designed, developed, marketed, distributed, manufactured and owned by Goodyear, leased to Greyhound and used on the subject bus failed to operate as intended.

19. On or about August 28, 2006, Ronald Burgess lost control of the subject bus and it then left the roadway, slammed through a guardrail, rolled along the edge of a deep gully for several hundred feet, overturned repeatedly and crashed.

20. As the subject bus rolled along the gully, several passengers, including Cadelis, were thrown from the bus at distances of greater than 75 feet or thrown about the bus.

21. The aforesaid occurrence was caused without any fault or negligence on the part of the passengers contributing thereto.

22. Prior to August 28, 2006, Greyhound was aware of the proclivity their model DL-3 buses had for tire failure, and that such tire failure could result in loss of control of the vehicles as well as consequent accidents.

23. Prior to August 28, 2006, Goodyear was aware of the proclivity of the tires they designed, developed, manufactured, owned, marketed, distributed and leased to Greyhound had for failure, and Goodyear knew that such failure could result in loss of control of the vehicles as well as consequent accidents.

24. Prior to August 28, 2006, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses, including the subject bus, with frangible roofs, which would collapse upon impact.

25. Prior to August 28, 2006, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses, including the subject bus, that lacked passenger seatbelts.

26. Prior to August 28, 2006, knowing that the absence of seatbelts would cause passengers to be ejected from such buses or otherwise injured in the event of an accident and rollover, Greyhound chose not to install seatbelts in their model DL-3 buses.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE AGAINST GREYHOUND)

27. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 26 as if set forth more fully herein.

28. As a common carrier, Greyhound had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

29. Greyhound had knowledge that the tires on its model DL-3 buses had a history of failure and resultant accidents and related injuries; that the frangible roofs on its model DL-3 buses were weak and frail and would collapse upon impact; and that the model DL-3 buses did not have seatbelts installed for passenger use, which could cause passengers to be thrown and possibly ejected and otherwise injured from the bus during an accident.

30. Greyhound breached the duties of care it owed to the Plaintiff by negligently operating, maintaining, managing, controlling, inspecting and leasing the subject bus; by negligently hiring, supervising, training, communicating with and educating their employees, representatives and agents who operated, controlled managed and maintained the subject bus, including their failure to monitor any incidences of their employees operating their buses at excessive speeds; and by recklessly ignoring the history of tire failure in the model DL-3 buses, failing to take remedial measures with respect to the faulty tires, failing to take remedial measures with respect to the frangible roofs on the model DL-3 buses and continuing to operate said buses without seatbelts.

31. A proximate cause of the crash was Greyhound's negligence; its reckless disregard of the care required to be exercised by law and common practice for the safety of its

passengers; and other culpable conduct of defendant, through its agents, employees and representatives, without any fault or negligence on the part of the Plaintiff contributing thereto.

32.     Ronald Burgess's excessive driving speed, failure to use appropriate care to operate the subject bus, to observe the conditions of the roadway and to exercise the requisite control over the bus violated state common law standards and state and federal statutory standards, and was otherwise negligent.

33.     As Ronald Burgess's employer, Greyhound is vicariously liable for any of the driver's negligence or misconduct.

34.     As a proximate result of defendant Greyhound's negligence and breach of its duty of care, plaintiff Cadelis suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law), including but not limited to: dismemberment; significant disfigurement; multiple fractures; permanent loss of use of a body organ, member, function or system; a medically determined injury or impairment preventing each plaintiff from performing substantially all of the material acts constituting each plaintiff's usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following the occurrence of the injury or impairment; or permanent disfiguring scarring (all foregoing injuries hereinafter referred to as "serious injuries"); conscious pain and suffering and loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, has lost earnings and in the future will continue to lose earnings, has sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

WHEREFORE, Cadelis prays that judgment be entered in his or her favor and against defendants Greyhound and Goodyear in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be proven at trial.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE AGAINST GOODYEAR)

35. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 34 as if set forth more fully herein

36. Goodyear had a contractual relationship to provide tires to Greyhound for use on Greyhound buses.

37. Goodyear had a duty to exercise reasonable care and to provide a safe product to all passengers on buses using its subject tire.

38. Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof.

39. In failing to exercise reasonable care, Goodyear launched a force or instrument of harm into the stream of commerce, upon which Plaintiff detrimentally relied.

40. On August 28, 2006, the subject tire was being used for its intended purpose.

41. The subject tire was unfit for its intended purpose.

42. Goodyear breached the duties of care it owed to the plaintiff Cadelis by negligently designing, developing, manufacturing, maintaining, managing, controlling and

leasing the subject tire; by negligently hiring, supervising, training, communicating with and educating its employees, representatives and agents who designed, developed, manufactured, managed, controlled, maintained and leased the subject tire; and by recklessly ignoring the history their tires had of failures and continuing to lease said tires.

43.   As a proximate result of defendant Goodyear's negligence and breach of its duty of care plaintiff Cadelis suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, has lost earnings and in the future will continue to lose earnings, has sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

WHEREFORE, Cadelis prays that judgment be entered in his or her favor and against defendants Greyhound and Goodyear in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be proven at trial.

### THIRD CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY)

44.   Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 43 as if set forth more fully herein.

45.   The subject tire was defectively and improperly designed, manufactured, assembled and/or labeled by Goodyear.

46.     The subject tire was sold, distributed and marketed in a defective and/or unreasonably dangerous condition and/or was unfit for its intended use into the stream of commerce by Goodyear.

47.     Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the date and time of the accident.

48.     At the time that the subject tire left Goodyear's control it was defective, unreasonably dangerous and/or unfit for its intended use.

49.     The subject tire had not been altered, modified or changed in any form or fashion prior to its use on August 28, 2006.

50.     As a direct and proximate result of the defective, unreasonably dangerous and/or unfit condition of the subject tire, plaintiff Cadelis suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, has lost earnings and in the future will continue to lose earnings, has sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

WHEREFORE, Cadelis prays that judgment be entered in his or her favor and against defendant Goodyear in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## (BREACH OF WARRANTIES)

51. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 50 as if set forth more fully herein.

52. Greyhound expressly and impliedly warranted that it would provide safe, reliable and appropriate common carriage bus transportation for its fare-paying passengers, using bus operation techniques that would assure the reasonable and safe transport of all passengers, including the Plaintiff, and that its drivers, buses and equipment were reasonably fit for their intended and foreseeable uses and purposes.

53. Greyhound breached its express and implied warranties by failing to provide safe, reliable and appropriate common carriage bus transportation for its fare-paying passengers when the subject bus crashed during the trip from New York City to Montreal.

54. Goodyear expressly and impliedly warranted that it would provide design, develop, manufacture, maintain, own and lease safe, reliable and appropriate tires, using techniques that would assure the safety of any users of its product, including the passenger plaintiffs, and that its tires and equipment were reasonably fit for their intended and foreseeable uses and purposes.

55. Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus when the subject tire failed, causing the bus to veer off the road and contributing to the crash during the trip from New York City to Montreal.

56. As a proximate result of defendants' breach of their express and implied warranties, plaintiff Cadelis suffered serious injuries (as defined by section 5102 (d) of New

-11-

York State's Insurance Law and as described above), conscious pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, has lost earnings and in the future will continue to lose earnings, has sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

WHEREFORE, Cadelis prays that judgment be entered in his or her favor and against defendants in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be proven at trial.

### FIFTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

57. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 56 as if set forth more fully herein.

58. Prior to the August 28, 2006 accident, Greyhound knew of the proclivity the model DL-3 buses, of which the bus involved in the subject accident was one, had with tires that failed, resulting in possible loss of control of the bus and accidents resulting therefrom.

59. Prior to the August 28, 2006 accident, Greyhound knew that safer tires than those that they were using on the model DL-3 buses, of which the bus involved in the subject accident was one, were available and had the opportunity to replace or repair those tires, but chose not to spend the extra money to purchase those safer tires or make the pre-existing tires safer for its buses. Instead, it continued to lease from Goodyear tires that had a propensity to fail and use those tires without any attempt to make those tires safer.

60.     Prior to the August 28, 2006 accident, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses roofs, of which the bus involved in the subject accident was one, that had frail and weak frangible which would collapse upon impact.

61.     Prior to the August 28, 2006 accident, Greyhound knowingly purchased, leased, employed, operated and used model DL-3 buses, of which the bus involved in the subject accident was one, that did not have seatbelts installed for passenger use.

62.     As a direct and proximate cause of the reckless, wanton and willful misconduct of Greyhound, including its employees, and its gross disregard for the safety of its passengers, including, but not limited to, its knowing disregard of the propensity of the tires on the model DL-3 buses to fail; the use of frangible roofs on the model DL-3 buses; the absence of passenger seatbelts on the model DL-3 buses; the lack of training defendants provided to its drivers; Greyhound's grossly deficient vehicle inspection and maintenance; and the grossly deficient vehicle operation, including the gross negligence of Greyhound's driver in driving at an excessive rate of speed, during the trip from New York City to Montreal on August 28, 2006 plaintiff Cadelis suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses suffering, and will continue to incur such expenses in the future, has lost earnings and in the future will continue to lose earnings, has sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

63. As a direct and proximate cause of the reckless, wanton and willful misconduct of Goodyear, including its employees, and its gross disregard for the safety of the users of plaintiff Cadelis suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering and a loss of the quality of enjoyment of life, has suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses suffering, and will continue to incur such expenses in the future, has lost earnings and in the future will continue to lose earnings, has sustained psychiatric and emotional distress, and all other damages allowable under the applicable law.

WHEREFORE, Cadelis prays that judgment be entered in his or her favor and against defendants in a sum in excess of seventy five thousand dollars ($75,000.00), exclusive of pre-judgment interest and the costs of this action, such amounts to be commensurate with the proof in this case and to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Nassau, New York
April 15, 2008

Michael B. Zaransky (MZ2300)
CHAPMAN ZARANSKY LLP, OF COUNSEL TO
LAW OFFICES OF JAY H. TANENBAUM
Attorney for Plaintiff LIONEL CADELIS
110 Wall Street, 16th Floor
New York, New York 10005
(212) 422-1765
Our File No. 06J-0081

Kevin B. Pollak, Esq.
FABIANI COHEN & HALL, LLP
Attorney for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue
New York, New York 10022

THE GOODYEAR TIRE & RUBBER CO
C/O Corporation Service Co.
80 State Street
Albany, Nyew York 12207-2543

Alan Kaplan, Esq.
Herrick, Feinstein, LLP
2 Park Avenue
New York, New York 10016

CHAPMAN ZARANSKY LLP

Index No. 08 CV 2439 (PKL)      Year 20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LIONEL CADELIS,

               Plaintiff,

-against-

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY,

               Defendants

### AMENDED COMPLAINT

**CHAPMAN ZARANSKY LLP**

Attorney(s) for  Plaintiff, Lionel Cadelis
Office and Post Office Address, Telephone

114 OLD COUNTRY ROAD
SUITE 680
MINEOLA, NEW YORK 11501
(516) 741-6601

To

Attorney(s) for

Service of a copy of the within                              is hereby admitted.

Dated,

        Attorney(s) for                        ..........................................

Sir: Please take notice
☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20
☐ *NOTICE OF SETTLEMENT*
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                                  one of the judges
of the within named Court, at
on the           day of                 20       at       M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

To the best of the undersigned's knowledge, information and belief formed
after an inquiry reasonable under the circumstances, the within document(s)
and contentions contained herein are not frivolous as defined in 22 NYCRR
§130-1.1-a.

Yours, etc.
**CHAPMAN ZARANSKY LLP**
Attorney(s) for
Office and Post Office Address

114 OLD COUNTRY ROAD
SUITE 680
MINEOLA, NEW YORK 11501
(516) 741-6601

To

Attorney(s) for