UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIONEL CADELIS,

                Plaintiff,

v.

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY,

                Defendants.
-------------------------------------------------------------X

ANSWER TO
AMENDED COMPLAINT
AND CROSSCLAIMS

08 CIV 2439 (PKL)

[Related to
06 CIV 13371 (PKL)]

JURY TRIAL
DEMANDED

      Defendant, GREYHOUND LINES, INC., by its attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiff's Amended Complaint, sets forth, upon information and belief, the following:

### Jurisdiction and Venue

      FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiff's Amended Complaint, except admits that defendant Greyhound Lines, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas, and respectfully refers all questions of law to the determination of the Trial Court.

      SECOND: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiff's Amended Complaint, except admits that defendant Greyhound Lines, Inc. is a foreign corporation organized and existing under the laws of a state other than New York and conducts business in the State of New York, and respectfully refers all questions of law to the determination of the Trial Court.

      THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "3" of the plaintiff's Amended Complaint, except

383157.1

admits that defendant Greyhound Lines, Inc. conducts business in this District and respectfully refers all questions of law to the determination of the Trial Court.

### Plaintiff

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "4" of the plaintiff's Amended Complaint, except admits that the plaintiff, LIONEL CADELIS, was a paying passenger on the subject bus on August 28, 2006.

### Defendants

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "5" of the plaintiff's Amended Complaint, except admits that defendant Greyhound Lines, Inc. is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas and conducts business in the State of New York and within this District.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "6" of the plaintiff's Amended Complaint.

### General Allegations

SEVENTH: Denies the allegations contained in Paragraph No. "7" of the plaintiff's Amended Complaint, except admits that defendant Greyhound Lines, Inc. was and is in the business of utilizing buses to transport passengers, including the bus upon which the plaintiff, Cadelis (hereinafter the "passenger plaintiff"), was riding at the time of the accident at issue in this case.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiff's Amended Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of

383157.1

the allegations contained in Paragraph No. "9" of the plaintiff's Amended Complaint except admits that Greyhound Lines, Inc. was and is in the business of utilizing buses to transport passengers, and respectfully refers all questions of law to the determination of the Trial Court.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiff's Amended Complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "11" of the plaintiff's Amended Complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess operated an MCI model 102DL3 bus bearing Texas registration number R7HW58 with the permission and consent of Greyhound Lines, Inc. and within the course and scope of his employment with Greyhound Lines, Inc.

TWELVTH: Denies the allegations contained in Paragraph No. "12" of the plaintiff's Amended Complaint, except admits that on or before August 28, 2006, Greyhound Lines, Inc. leased a 2000 MCI model 102DL3 bus bearing Texas state registration number R7HW58 (the "subject bus").

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "13" of the plaintiff's Amended Complaint, except admits that on August 28, 2006, the tires on the subject bus were leased to Greyhound Lines, Inc. by The Goodyear Tire & Rubber Company, who upon information and belief designed, developed, marketed and owned the tires on the subject bus.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "14" of the plaintiff's Amended Complaint,

383157.1

except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess operated an MCI model 102DL3 bus bearing Texas registration number R7HW58 with the permission and consent of Greyhound Lines, Inc. and within the course and scope of his employment with Greyhound Lines, Inc.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "15" of the plaintiff's Amended Complaint, except admits that on August 28, 2006, the passenger plaintiff was a fare-paying passenger on the subject bus.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "16" of the plaintiff's Amended Complaint, except admits that on August 28, 2006, the subject bus, driven by Ronald Burgess and on which the passenger plaintiff was riding, was traveling northbound on Interstate 87, a public roadway or thoroughfare, in or near Elizabethtown, New York.

SEVENTEENTH: Denies each and every allegation contained in Paragraph No. "17" of the plaintiff's Amended Complaint.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "18" of the plaintiff's Amended Complaint.

NINETEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "19" of the plaintiff's Amended Complaint except admits that the subject bus left the roadway.

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "20" of the plaintiff's Amended Complaint.

TWENTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "21" of the plaintiff's Amended Complaint.

383157.1

TWENTY-SECOND: Denies each and every allegation contained in Paragraph No. "22" of the plaintiff's Amended Complaint.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "23" of the plaintiff's Amended Complaint.

TWENTY-FOURTH: Denies each and every allegation contained in Paragraph No. "24" of the plaintiff's Amended Complaint.

TWENTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "25" of the plaintiff's Amended Complaint, except admits that prior to August 28, 2006, Greyhound Lines, Inc. utilized MCI model 102DL3 buses which did not come equipped with passenger seatbelts, including the subject bus, to transport passengers.

TWENTY-SIXTH: Denies each and every allegation contained in Paragraph No. "26" of the plaintiff's Amended Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION
### (NEGLIGENCE AGAINST GREYHOUND)

TWENTY-SEVENTH: In response to Paragraph No. "27" of the plaintiff's Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "TWENTY-SIXTH" hereinabove as though more fully set forth at length herein.

TWENTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "28" of the plaintiff's Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTY-NINTH: Denies each and every allegation contained in Paragraph No. "29" of the plaintiff's Amended Complaint.

383157.1

THIRTIETH: Denies each and every allegation contained in Paragraph No. "30" of the plaintiff's Amended Complaint.

THIRTY-FIRST: Denies each and every allegation contained in Paragraph No. "31" of the plaintiff's Amended Complaint.

THIRTY-SECOND: Denies each and every allegation contained in Paragraph No. "32" of the plaintiff's Amended Complaint.

THIRTY-THIRD: Denies each and every allegation contained in Paragraph No. "33" of the plaintiff's Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY-FOURTH: Denies each and every allegation contained in Paragraph No. "34" of the plaintiff's Amended Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION
## (NEGLIGENCE AGAINST GOODYEAR)

THIRTY-FIFTH: In response to Paragraph No. "35" of the plaintiff's Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-FOURTH" hereinabove as though more fully set forth at length herein.

THIRTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "36" of the plaintiff's Amended Complaint.

THIRTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "37" of the plaintiff's Amended Complaint.

THIRTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "38" of the plaintiff's Amended

Complaint.

THIRTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "39" of the plaintiff's Amended Complaint.

FORTIETH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "40" of the plaintiff's Amended Complaint.

FORTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "41" of the plaintiff's Amended Complaint.

FORTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "42" of the plaintiff's Amended Complaint.

FORTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "43" of the plaintiff's Amended Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY)

FORTY-FOURTH: In response to Paragraph No. "44" of the plaintiff's Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-THIRD" hereinabove as though more fully set forth at length herein.

FORTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "45" of the plaintiff's Amended Complaint.

FORTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "46" of the plaintiff's Amended Complaint.

FORTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "47" of the plaintiff's Amended Complaint.

FORTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "48" of the plaintiff's Amended Complaint.

FORTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "49" of the plaintiff's Amended Complaint.

FIFTIETH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "50" of the plaintiff's Amended Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION
### (BREACH OF WARRANTIES)

FIFTY-FIRST: In response to Paragraph No. "51" of the plaintiff's Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FIFTIETH" hereinabove as though more fully set forth at length herein.

FIFTY-SECOND: Denies each and every allegation contained in Paragraph No. "52" of the plaintiff's Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-THIRD: Denies each and every allegation contained in Paragraph No. "53" of the plaintiff's Amended Complaint.

FIFTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "54" of the plaintiff's Amended Complaint.

FIFTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "55" of the plaintiff's Amended Complaint.

FIFTY-SIXTH: Denies each and every allegation contained in Paragraph No. "56" of the plaintiff's Amended Complaint.

383157.1

8

## ANSWERING THE FIFTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

FIFTY-SEVENTH:  In response to Paragraph No. "57" of the plaintiff's Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FIFTY-SIXTH" hereinabove as though more fully set forth at length herein.

FIFTY-EIGHTH:  Denies each and every allegation contained in Paragraph No. "58" of the plaintiff's Amended Complaint

FIFTY-NINTH:  Denies each and every allegation contained in Paragraph No. "59" of the plaintiff's Amended Complaint

SIXTIETH:  Denies each and every allegation contained in Paragraph No. "60" of the plaintiff's Amended Complaint

SIXTY-FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "61" of the plaintiff's Amended Complaint, except admits that prior to August 28, 2006, Greyhound Lines, Inc. utilized MCI model 102DL3 buses which did not come equipped with passenger seatbelts, including the subject bus, to transport passengers.

SIXTY-SECOND:  Denies each and every allegation contained in Paragraph No. "62" of the plaintiff's Amended Complaint

SIXTY-THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "63" of the plaintiff's Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-FOURTH:  Upon information and belief, any damages sustained by the plaintiff herein was not caused by any negligence or carelessness on the part of Greyhound Lines, Inc., its

servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against Greyhound Lines, Inc.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Notwithstanding that Greyhound Lines, Inc. has denied liability herein, in the event that liability is found, the liability of Greyhound Lines, Inc. shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to New York Civil Practice Law and Rules ("CPLR") §1601 et seq., or any similar applicable law, the liability of Greyhound Lines, Inc. for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-SIXTH: That to the extent the plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545 or any similar applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: Upon information and belief, the injuries sustained by plaintiff are such that they do not fall within the requirements of Insurance Law §51-02, et seq. or any similar no-fault threshold law.

383157.1

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: The Fourth Cause of Action fails to state a claim upon which relief can be granted as against defendant Greyhound Lines, Inc.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-NINTH: The Fifth Cause of Action fails to state a claim upon which relief can be granted as against defendant Greyhound Lines, Inc.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

SEVENTIETH: Some of the claims and or theories of liability made by the plaintiff in this action, including but not necessarily limited to those pertaining to seatbelts and the roof the subject bus, are preempted and prohibited. To the extent the Causes of Action in this action are based upon these preempted theories of liability, or any other pre-empted theory of liability, said Cause of Actions fail to state a claim for which relief can be granted.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST: The law of one or more jurisdictions, states and/or other countries, besides the State of New York, may be applicable to all or portions of the claims or defenses made by some or all of the parties in this litigation, including but not necessarily limited to the law of the state of citizenship, residence or domicile of the plaintiff.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(COMMON LAW INDEMNIFICATION)

SEVENTY-SECOND: Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation set forth above in paragraphs "FIRST" through "SEVENTY-FIRST" as though fully set forth at length herein.

SEVENTY-THIRD: Before August 28, 2006 Greyhound Lines, Inc. and The Goodyear

383157.1

11

Tire & Rubber Company (hereinafter referred to as "GOODYEAR"), entered into an Agreement dated October 3, 2000 (hereinafter referred to as "the Agreement"). Greyhound Lines, Inc. begs leave to refer to the Agreement for its complete terms and conditions.

SEVENTY-FOURTH: Paragraph 2 of the Agreement, entitled "Lease of Tires," provides in part that "Goodyear will furnish Greyhound tires for use on the entire fleet of buses operated by Greyhound…" and that "Goodyear commits to produce a new tire that will meet Greyhound's fleet requirements…"

SEVENTY-FIFTH: Paragraph 6 of the Agreement, entitled "Title to Tires and Liens on Buses", provides in part that "[t]itle to all tires furnished hereunder shall remain at all times in Goodyear…"

SEVENTY-SIXTH: Paragraph 11 of the Agreement, entitled "Service", provides in part: "(a) Goodyear warrants and promises that all tires provided to Greyhound will be of sufficient grade, quality, and standard to permit reasonable and safe use and operation on Greyhound's buses."

SEVENTY-SEVENTH: Paragraph 11 (c) of the Agreement provides in part that "tire service to be performed by Goodyear will be performed in accordance with Exhibit "C" attached" to the Agreement.

SEVENTY-EIGHTH: The Agreement contains various Exhibits, including Exhibit "C". Exhibit "C" is entitled Procedure Guideline No.: PB K-91 (hereinafter referred to as "the K-91"). (The Agreement, including all Exhibits of the Agreement, are hereinafter collectively referred to as "the Agreement".)

SEVENTY-NINTH: Paragraph 12 of the Agreement, entitled "Training", provides in part that "Goodyear agrees to provide training, to include but not limited to the proper safety, reliability, and maintenance procedures for the tires".

383157.1

EIGHTIETH: Paragraph 9 of the Agreement, entitled "Contingencies and Indemnity", provides in part that: "Goodyear agrees to defends, save and hold Greyhound harmless from claims and actions resulting from the use or possession of the tires furnished hereunder caused by the sole negligence of Goodyear"; and "Goodyear will indemnify, save harmless, and defend Greyhound…from and against liability, losses, claims, demands, suits, and judgments, and from costs and expenses, including the reasonable fees of counsel therewith, arising or as a result of the negligence of Goodyear or its agents or employees".

EIGHTY-FIRST: On August 28, 2006 a bus ("the subject bus") carrying passengers, including the passenger plaintiff identified in the plaintiff's Amended Compliant, and driven by Ronald Burgess, an employee of Greyhound Lines, Inc., was traveling on I-87 in New York when it left the roadway of I-87 and was involved in an accident ("the subject accident").

EIGHTY-SECOND: At the time of the subject accident the subject bus was equipped model G409 Goodyear tires (hereinafter referred to as "G409 tires"), including the left front steer tire on the subject bus (hereinafter "the left front tire").

EIGHTY-THIRD: At the time of the subject accident, and at all times prior thereto, GOODYEAR owned the G409 tires including the left front tire.

EIGHTY-FOURTH: Greyhound Lines, Inc. leased the G409 tires, including the left front tire, from GOODYEAR.

EIGHTY-FIFTH: GOODYEAR designed the G409 tires, including the left front tire.

EIGHTY-SIXTH: GOODYEAR constructed, assembled, fabricated and manufactured the G409 tires, including the left front tire.

EIGHTY-SEVENTH: In the plaintiff's Amended Complaint the plaintiff alleges, among other things, that: "Goodyear…designed, developed, inspected, marketed, sold, leased and maintained the tires used on the bus upon which the passenger plaintiff was riding at the time of

383157.1

13

the accident at issue in this case" (paragraph 8); on or about August 28, 2006 a tire designed, developed, marketed, distributed, manufactured, and owned by Goodyear, leased to Greyhound and used on the subject bus failed to operate as intended" (paragraph 18); "Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof" (paragraph 38); "on August 28, 2006, the subject tire was being used for its intended purpose" (paragraph 40); "the subject tire was unfit for its intended purpose" (Paragraph 41); "Goodyear breach the duties of care it owed...by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire" (paragraph 42); "the subject tire was defectively and improperly designed, manufactured, assembled and/or labeled by Goodyear" (paragraph 45); "the subject tire was sold, distributed and marketed in a defective and unreasonably dangerous condition and/or was unfit for its intended use" (paragraph 46); "Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the date and time of the accident" (paragraph 47); "at the time that the subject tire left Goodyear's control it was defective and unreasonably dangerous and/or unfit for its intended use" (paragraph 48) and "Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus" (paragraph 55).

EIGHTY-EIGHTH:   Although Greyhound Lines, Inc. has denied the plaintiff's allegations regarding its liability and damages claims, Greyhound Lines, Inc. is nevertheless exposed to damage by reason of a possible verdict or judgment.

EIGHTY-NINTH:   By reason of exposure to damage this cross-claim is made against GOODYEAR by reason of, among other things, GOODYEAR's:   wrongful conduct; acts;

383157.1

14

omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacture, service, maintenance and/or repair of the G409 tires including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and/or those created by operation of law); and/or strict products liability.

NINTIETH: That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff, such liability will have been the result of the active and affirmative wrongdoing of co-defendant, GOODYEAR, while the wrongdoing of Greyhound Lines, Inc. will have been passive and secondary.

NINTY-FIRST: By reason of all of the foregoing, Greyhound Lines, Inc. is entitled to full indemnity from co-defendant, GOODYEAR.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(CONTRIBUTION)

NINTY-SECOND: Defendant, Greyhound Lines, Inc. repeats and realleges each and every allegation set forth above in paragraphs "FIRST" through "NINTY-FIRST" as though fully set forth at length herein.

NINTY-THIRD: That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant be found liable to the plaintiff and should said defendant not be awarded full indemnity on the first cross-claim of this Answer to the Amended Complaint, then Greyhound Lines, Inc. is entitled to an apportionment of fault against co-defendant, GOODYEAR, in proportion to the relative degrees of fault or wrongdoing among the parties to this action or as otherwise provided under Articles

383157.1

14 and 16 of the CPLR or any other similar applicable law.

NINETY-FOURTH: By reason of the foregoing, Greyhound Lines, Inc. is entitled to contribution and/or partial indemnity from the co-defendant, GOODYEAR, in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR or any similar applicable law.

**AS AND FOR A THIRD CROSS-CLAIM
AGAINST CO-DEFENDANT
THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")**

(CONTRACTUAL INDEMNIFICATION)

NINTY-FIFTH: Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation above set forth in paragraphs "FIRST" through "NINETY-FOURTH" as though fully set forth at length herein.

NINETY-SIXTH: That pursuant to the Agreement made by and between Greyhound Lines, Inc., on the one part, and co-defendant, GOODYEAR, on the other part, co-defendant, GOODYEAR undertook to indemnify, fully or partially, Greyhound Lines, Inc. for loss, claims and/or damage arising out of or in connection with the aforesaid Agreement. Greyhound Lines, Inc. begs leave to refer to the Agreement for its complete terms and conditions.

NINETY-SEVENTH: By reason of all of the above and the Agreement, Greyhound Lines, Inc. is entitled to either complete indemnification or partial indemnity by contract from co-defendant, GOODYEAR for any verdict, judgment or settlement reached in this action against Greyhound Lines, Inc., together with costs, expenses, disbursements and attorneys' fees.

383157.1

### AS AND FOR A FOURTH CROSS-CLAIM
### AGAINST CO-DEFENDANT
### THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(PROPERTY DAMAGE/ECONOMIC LOSS)

NINETY-EIGHTH: Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation above set forth in paragraphs "FIRST" through "NINETY-SEVENTH as though fully set forth at length herein.

NINETY-NINTH: Before the subject accident, the subject bus was leased by Greyhound Lines, Inc. from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). Greyhound Lines, Inc. begs leave to refer to the Master Lease at the time of trial.

ONE HUNDREDTH: The Master Lease was in effect at the time of the subject accident.

ONE HUNDRED-FIRST: After the subject accident, and pursuant to the terms of the Master Lease, Greyhound Lines, Inc. replaced the subject bus with another bus of the same type and manufacturer that was owned by Greyhound Lines, Inc. (hereinafter referred to as "the replacement bus").

ONE HUNDRED-SECOND: Pursuant to the terms of the Master Lease, Greyhound Lines, Inc. transferred title of the replacement bus to the Bank of Oklahoma, N.A.

ONE HUNDRED-THIRD: After and since the subject accident, and due to the subject accident, Greyhound Lines has paid and/or will continue to pay no-fault benefits.

ONE HUNDRED-FOURTH: As a result of all of the foregoing, Greyhound Lines, Inc. has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

ONE HUNDRED-FIFTH: Greyhound, Lines, Inc.'s damages and losses as described above are due to, among other things, GOODYEAR's: wrongful conduct; acts; omissions;

383157.1

negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacturer, service, maintenance and/or repair of the G409 tires, including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and those created by operation of law); and/or strict products liability.

ONE HUNDRED-SIXTH: The amount in controversy pertaining to the damages and losses suffered by Greyhound Lines, Inc. exceeds $75,000 exclusive of interest.

ONE HUNDRED-SEVENTH: Greyhound Lines, Inc. has been damaged and continues to be damaged by GOODYEAR's conduct and is entitled to damages in an amount in excess of $75,000. Greyhound Lines, Inc. is entitled to recover all of the damages and losses described above from GOODYEAR. Greyhound Lines, Inc. is also entitled to interest since the date of the subject accident.

WHEREFORE, defendant, GREYHOUND LINES, INC., demands:

1. Judgment dismissing the Amended Complaint;

2. In the event that the Amended Complaint is not dismissed, then full or partial indemnity with respect to the first and third cross-claims;

3. In the event that full indemnity is not granted, then contribution pursuant to the second cross-claim in accordance with degrees of wrongdoing;

4. Judgment against GOODYEAR on the fourth cross-claim in a sum in excess of $75,000 plus interest; and

5. Together with the costs and disbursements of this action.

**Dated:**  New York, New York
April 23, 2008

                          Yours, etc.,

                          FABIANI COHEN & HALL, LLP

                          _____
                          Kevin B. Pollak (KBP 6098)
                          Attorneys for Defendant
                          GREYHOUND LINES, INC.
                          570 Lexington Avenue, 4th Floor
                          New York, New York 10022
                          (212) 644-4420

**TO:**  OFFICE OF JAY H. TANENBAUM
Attorneys for Plaintiff
LIONEL CADELIS
110 Wall Street, 16th Floor
New York, New York 10005
(212) 422-1765

CHAPMAN, ZARANSKY LAW FIRM
Attorneys for Plaintiff
LIONEL CADELIS
114 Old Country Road, Suite 680
Mineola, New York 11501
(516) 741-6601 ext. 226

HERRICK, FEINSTEIN, LLP
Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY
2 Park Avenue
New York, New York 10016
(212) 592-1400

383157.1

Cadelis v. Greyhound Lines, Inc. and The Goodyear Tire & Rubber Company
08 CIV 2439 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER TO AMENDED COMPLAINT AND CROSSCLAIMS** was served CM/ECF and First-Class Mail, postage prepaid, this 24th day of April, 2008, to:

OFFICE OF JAY H. TANENBAUM
**Attorneys for Plaintiff**
LIONEL CADELIS
110 Wall Street, 16th Floor
New York, New York 10005
(212) 422-1765

CHAPMAN, ZARANSKY LAW FIRM
**Attorneys for Plaintiff**
LIONEL CADELIS
114 Old Country Road, Suite 680
Mineola, New York 11501
(516) 741-6601 ext. 226

HERRICK, FEINSTEIN, LLP
**Attorneys for Defendant**
THE GOODYEAR TIRE & RUBBER COMPANY
2 Park Avenue
New York, New York 10016
(212) 592-1400

Kevin B. Pollak (6098)

Sworn to before me this
24th day of April, 2008.

_____
NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20 11

384392.1