Alan D. Kaplan, Esq.
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LIONEL CADELIS,

              Plaintiff,

      -against-

GREYHOUND LINES, INC., and THE
GOODYEAR TIRE & RUBBER COMPANY,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 CIV 2439 (PKL)

[Related to 06 CIV 13371 (PKL)]

Jury Trial Requested

**GOODYEAR'S ANSWER TO
AMENDED COMPLAINT AND
CROSS-CLAIMS**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, Herrick, Feinstein LLP, hereby answers the Amended Complaint of plaintiff Lionel Cadelis ("Plaintiff") as follows:

### Jurisdiction and Venue

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

2.      Admits that Goodyear is a foreign corporation, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 2 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

**Plaintiff**

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

**Defendants**

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

6.      Admits that Goodyear is a corporation organized and existing under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio, denies the remainder of the allegations contained in paragraph 6, and refers all questions of law to the Court at the time of trial.

**General Allegations**

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint except admits that part of Goodyear's business involves the designing, selling and leasing of tires.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE AGAINST GREYHOUND)

27.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 26 of the Amended Complaint with the same force and effect as if set forth herein at length.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.     Denies the allegations contained in paragraph 29 of the Amended Complaint to the extent that they are made against Goodyear, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE AGAINST GOODYEAR)

35.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 34 of the Amended Complaint with the same force and effect as if set forth herein at length.

36.     Denies each and every allegation contained in paragraph 36 of the Amended Complaint except admits that Goodyear had an agreement with Greyhound Lines, Inc. ("Greyhound") whereby Goodyear furnished tires to Greyhound to be leased by them for their use.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

38.     Denies each and every allegation contained in paragraph 38 of the Amended Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Amended Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Amended Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Amended Complaint.

## THIRD CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY)

44. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 43 of the Amended Complaint with the same force and effect as if set forth herein at length.

45. Denies each and every allegation contained in paragraph 45 of the Amended Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### (BREACH OF WARRANTIES)

51. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 50 of the Amended Complaint with the same force and effect as if set forth herein at length.

6

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint, and refers all questions of law to the Court at the time of trial.

55.    Denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56.    Denies the allegations contained in paragraph 56 of the Amended Complaint to the extent that they are made against Goodyear, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

## FIFTH CAUSE OF ACTION
### (PUNITIVE DAMAGES)

57.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 56 of the Amended Complaint with the same force and effect as if set forth herein at length.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint.

59.    Denies the allegations contained in paragraph 59 of the Amended Complaint to the extent that they are made against Goodyear, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint.

62.     Denies the allegations contained in paragraph 62 of the Amended Complaint to the extent that they are made against Goodyear, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

63.     Denies the allegations contained in paragraph 63 of the Amended Complaint to the extent that they are made against Goodyear, and otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

64.     The injuries and damages allegedly sustained by Plaintiff were caused solely by his own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of Goodyear.

### SECOND AFFIRMATIVE DEFENSE

65.     All or part of the damages allegedly sustained by Plaintiff were caused by his culpable conduct through his own contributory negligence and careless acts or omissions and his damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to him.

### THIRD AFFIRMATIVE DEFENSE

66.     Plaintiff assumed the risk of the injuries allegedly sustained.

### FOURTH AFFIRMATIVE DEFENSE

67.     The Amended Complaint fails to state claims upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

68.     The injuries or damages allegedly sustained by the Plaintiff were caused by misuse of the products or materials identified in the Amended Complaint or by use in a manner not intended or not in accord with instructions and labels.

## SIXTH AFFIRMATIVE DEFENSE

69.     The products or materials identified in the Amended Complaint were substantially modified, changed and/or altered by third persons over whom Goodyear exercised no control.

## SEVENTH AFFIRMATIVE DEFENSE

70.     Any claims for punitive damages are violative of the United States Constitution and the Constitution of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

71.     Goodyear alleges that the incident and damages, if any, complained of were caused solely by the separate, independent and/or negligent actions and/or inactions of third persons over whom Goodyear exercised no control and/or with whom Goodyear had no relationship.

## NINTH AFFIRMATIVE DEFENSE

72.     Goodyear alleges that if any of the products involved were designed, manufactured, produced and/or sold by Goodyear, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

## TENTH AFFIRMATIVE DEFENSE

73.     Goodyear alleges that if any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by Goodyear, then each such warranty, guarantee or representation was fully satisfied.

## ELEVENTH AFFIRMATIVE DEFENSE

74.     Goodyear alleges that if any of the products in question were manufactured, designed, produced and/or sold by Goodyear, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications of the purchase orders.

## TWELFTH AFFIRMATIVE DEFENSE

75.     Goodyear denies any acts or omissions on its part proximately caused the incident or injuries of which Plaintiff complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

76.     Defendant Goodyear claims credit for all collateral sources from which Plaintiff has, or shall receive benefits pursuant to CPLR §4545.

## FOURTEENTH AFFIRMATIVE DEFENSE

77.     Some or all of the claims against defendant Goodyear are barred by reason of lack of privity.

## FIFTEENTH AFFIRMATIVE DEFENSE

78.     The incidents and damages, if any, of which Plaintiff complains were proximately caused by the fault of third persons not parties to this lawsuit.  Inasmuch as the liability of Goodyear and the right, if any, of Plaintiff to recover in this litigation can only be determined after the percentages of fault of all parties to the incident are determined, whether or not they are parties to this litigation, Goodyear seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

## SIXTEENTH AFFIRMATIVE DEFENSE

79.     Some or all of the claims set forth in the Amended Complaint are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

80.    Plaintiff is barred from recovery against Goodyear because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to Goodyear.

## EIGHTEENTH AFFIRMATIVE DEFENSE

81.    Plaintiff's injuries, if any, were caused by preexisting or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

## NINETEENTH AFFIRMATIVE DEFENSE

82.    Plaintiff has failed to minimize or mitigate damages.

## TWENTIETH AFFIRMATIVE DEFENSE

83.    All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to Goodyear.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

84.    Plaintiff has not suffered a serious injury within the meaning of Insurance Law §5102.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

85.    The injuries or damages which Plaintiff allegedly sustained were caused and/or aggravated by the failure to utilize an available seatbelt, body harness or other safety device or such devices were not available through the fault of third parties and damages should be reduced accordingly.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

86.    The injuries or damages which Plaintiff allegedly sustained were caused by the failure of persons not within Goodyear's control to obey applicable traffic regulations or otherwise operate the bus in a safe or reasonable manner.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

87.    Goodyear reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST GREYHOUND

88.    If Plaintiff was caused to suffer damages as a result of the incidents alleged in the Amended Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of Goodyear but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of Greyhound and their directors, officers, agents and employees.

89.    If Goodyear is held liable for any of the damages claimed by Plaintiff, then Goodyear is entitled to contribution and/or indemnification, in whole or in part, from Greyhound of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between Greyhound and Goodyear, as well as costs and attorneys fees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST GREYHOUND

90.    Goodyear repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "89" of the Amended Complaint with the same force and effect as if set forth herein at length.

91.    By agreement dated October 30, 2000 (the "Agreement", which is referenced in Greyhound's Cross-Claims in its Answer to the Amended Complaint), Greyhound agreed in paragraph 9 thereof, to defend, save and hold Goodyear harmless from all claims or actions for damages to property or injury to persons arising out of the use of Goodyear's tires, pursuant to the Agreement.  Further, paragraph 11 of the Agreement outlines certain obligations undertaken by Greyhound regarding the tires and the maintenance and service thereof.

92.    The Agreement obligated Greyhound to defend, save and hold Goodyear harmless in this action, as the subject incident and resulting claims alleged in the Amended Complaint arise, in part, out of the alleged negligent acts or omissions of Greyhound pursuant to the performance of its obligations under the Agreement.

93.    Demand for Greyhound to save and hold harmless Goodyear has been made by Goodyear and not honored by Greyhound.

94.    Greyhound has breached the Agreement with Goodyear and continues to breach the Agreement with Goodyear.

95.    Accordingly, Goodyear has been damaged in an amount to be determined at trial.

WHEREFORE, Goodyear demands Judgment dismissing the Amended Complaint, together with costs, disbursements and attorney's fees, herein, granting its cross-claims and granting such other and further relief which this Court deems appropriate.

Dated:    New York, New York
          June 3, 2008

                                    HERRICK, FEINSTEIN, LLP

                                    By: _____/s/_____
                                         Alan D. Kaplan
                                         akaplan@herrick.com
                                    Attorneys for Defendant
                                    *THE GOODYEAR TIRE & RUBBER
                                    COMPANY*
                                    2 Park Avenue
                                    New York, NY 10016
                                    Tel:  212-592-1400
                                    Fax:  212-592-1500

To:    Michael B. Zaransky, Esq.
       CHAPMAN ZARANSKY LLP, OF COUNSEL TO
       LAW OFFICES OF JAY H. TANENBAUM
       Attorneys for Plaintiff
       110 Wall Street
       16th Floor
       New York, NY 10010

Edward P. Ryan, Esq.
LAW OFFICES OF EDWARD P. RYAN
Attorneys for Mamadou Saidou Bah and Gnalen Bah
38 Eagle Street
Albany, NY 12207

Kevin B. Pollak, Esq.
FABIANI COHEN & HALL, LLP
Attorneys for Greyhound Lines, Inc. and
Laidlaw International, Inc.
570 Lexington Avenue, 4th Floor
New York, NY10022

NOVACK BURNBAUM CRYSTAL LLP
Attorneys for Third-Party Defendant,
Motor Coach Industries, Inc.
300 East 42nd Street
New York, NY 10017

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Fl.
New York, NY 10017

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37th Fl.
New York, NY 10123

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007

GOLDBERG. SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214

RUBENSTEIN & RYNECKI

Robert Petitt
16 Court Street
Brooklyn, NY 11241

NORMAN LISS ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, NY 10019

THE LIETZ LAW FIRM PLLC
David K. Lietz (*admitted pro hac vice*)
DC Bar No. 430557
888 166 Street, NW, Suite 800
Washington, DC 20006

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

and

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
Attorneys for Second Third-Party Defendant
Unicco Service Company d/b/a UGL Unicco,
Formerly Known as Unicco Service Company
845 Third Avenue
New York, NY 10022