Alan D. Kaplan, Esq.
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------x<br>LIONEL CADELIS,<br>　　　　　　　Plaintiff,<br>　　-against-<br>GREYHOUND LINES, INC., and THE<br>GOODYEAR TIRE & RUBBER COMPANY,<br>　　　　　　　Defendants.<br>------------------------------------x | ELECTRONICALLY FILED<br><br>08 CIV 2439 (PKL)<br>[Related to 06 CIV 13371 (PKL)]<br>Jury Trial Requested<br><br>**GOODYEAR'S ANSWER TO CROSS-CLAIMS OF GREYHOUND LINES, INC.** |

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, Herrick, Feinstein LLP, hereby answers the Cross-Claims of defendant Greyhound Lines, Inc. ("Greyhound") contained in their Answer to Amended Complaint and Crossclaims (the "Answer and Cross-Claims") (incorporating herein all prior and related pleadings and defenses) as follows:

### AS TO THE FIRST CROSS-CLAIM

73.　Admits that an agreement dated October 3, 2000 existed between Goodyear and Greyhound (the "Agreement").

74.　Neither admits nor denies the allegations contained in paragraph 74 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

75. Neither admits nor denies the allegations contained in paragraph 75 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

76. Neither admits nor denies the allegations contained in paragraph 76 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole.

77. Neither admits nor denies the allegations contained in paragraph 77 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that Paragraph 11(b) of the Agreement provides in part that "tire service to be performed by Greyhound will be in accordance with Exhibit 'C' attached" to the Agreement.

78. Neither admits nor denies the allegations contained in paragraph 78 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that Procedure Guideline No.: PB K-91 is a document which originates from and was authored by Greyhound's Maintenance and Engineering Department.

79. Neither admits nor denies the allegations contained in paragraph 79 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that paragraph 11(a) of the Agreement provides

in part that "Greyhound will install and maintain in all its garages suitable facilities for the inflation and maintenance of tires and wheel assembles, and will keep tires inflated to conform to the approved standards of the Tire and Rim Association of America, Inc."

80. Neither admits nor denies the allegations contained in paragraph 80 of the Answer and Cross-Claims but refers the Court to the document cited by Greyhound for a complete recitation of the various paragraphs and portions of the Agreement as well as their proper context in the Agreement as a whole. It should be noted that Paragraph 9 of the Agreement provides in part that Greyhound "agrees to defend, save and hold Goodyear harmless from all claims or actions for damages to property or injuries to persons arising out of the use or possession of tires hereunder...", and also indicates that any corresponding obligation on Goodyear's part only exists in situations involving the "sole negligence" of Goodyear. Numerous independent allegations of negligence against Greyhound have already been raised by the plaintiffs in this action.

81. Admits the allegations contained in paragraph 81 of the Answer and Cross-Claims except denies knowledge or information as to the names of individual passengers.

82. Denies each and every allegation contained in paragraph 82 of the Answer and Cross-Claims except admits that the left front steer tire of the bus was a Model G-409 tire.

83. Denies each and every allegation contained in paragraph 83 of the Answer and Cross-Claims except admits that the left front tire casing referred to in the Cross-Claim was leased by Goodyear to Greyhound for Greyhound's use on its buses.

84. Denies each and every allegation contained in paragraph 84 of the Answer and Cross-Claims except admits that the left front tire casing referred to in the Cross-Claim was leased by Goodyear to Greyhound for Greyhound's use on its buses.

85. Admits the allegations contained in paragraph 85 of the Answer and Cross-Claims.

86. Denies each and every allegation contained in paragraph 86 of the Answer and Cross-Claims except admits that Goodyear manufactured the left front tire referred to in the Cross-Claim.

87. Neither admits nor denies the allegations contained in paragraph 87 of the Answer and Cross-Claims but refers the Court to the Amended Complaint referred to in the Cross-Claim. Moreover, Goodyear states that with regard to allegations concerning maintenance and inspection, any such functions delegated to Goodyear by the Agreement were further delegated by Goodyear to its independent contractor, UGL Unicco, f/k/a Unicco Service Company.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Answer and Cross-Claims.

89. Denies each and every allegation contained in paragraph 89 of the Answer and Cross-Claims.

90. Denies each and every allegation contained in paragraph 90 of the Answer and Cross-Claims.

91. Denies each and every allegation contained in paragraph 91 of the Answer and Cross-Claims.

## AS TO THE SECOND CROSS-CLAIM

92. Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "73" through "91" of the Answer and Cross-Claims with the same force and effect as if set forth herein at length.

93. Denies each and every allegation contained in paragraph 93 of the Answer and Cross-Claims.

94.    Denies each and every allegation contained in paragraph 94 of the Answer and Cross-Claims.

## AS TO THE THIRD CROSS-CLAIM

95.    Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "73" through "94" of the Answer and Cross-Claims with the same force and effect as if set forth herein at length.

96.    Denies each and every allegation contained in paragraph 96 of the Answer and Cross-Claims.

97.    Denies each and every allegation contained in paragraph 97 of the Answer and Cross-Claims.

## AS TO THE FOURTH CROSS-CLAIM

98.    Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "73" through "97" of the Answer and Cross-Claims with the same force and effect as if set forth herein at length.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Answer and Cross-Claims.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Answer and Cross-Claims.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Answer and Cross-Claims.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Answer and Cross-Claims.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Answer and Cross-Claims.

104. Denies each and every allegation contained in paragraph 104 of the Answer and Cross-Claims.

105. Denies each and every allegation contained in paragraph 105 of the Answer and Cross-Claims.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Answer and Cross-Claims.

107. Denies each and every allegation contained in paragraph 107 of the Answer and Cross-Claims.

WHEREFORE, Defendant Goodyear demands Judgment dismissing all cross-claims against it and for such other relief deemed appropriate by the Court.

Dated: New York, New York
June 3, 2008

HERRICK, FEINSTEIN, LLP

By: /s/
Alan D. Kaplan
akaplan@herrick.com
Attorneys for Defendant
*THE GOODYEAR TIRE & RUBBER COMPANY*
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500

To: Michael B. Zaransky, Esq.
CHAPMAN ZARANSKY LLP, OF COUNSEL TO
LAW OFFICES OF JAY H. TANENBAUM
Attorneys for Plaintiff
110 Wall Street
16th Floor
New York, NY 10010

Edward P. Ryan, Esq.
LAW OFFICES OF EDWARD P. RYAN
Attorneys for Mamadou Saidou Bah and Gnalen Bah

38 Eagle Street
Albany, NY 12207

Kevin B. Pollak, Esq.
FABIANI COHEN & HALL, LLP
Attorneys for Greyhound Lines, Inc. and
Laidlaw International, Inc.
570 Lexington Avenue, 4th Floor
New York, NY 10022

NOVACK BURNBAUM CRYSTAL LLP
Attorneys for Third-Party Defendant,
Motor Coach Industries, Inc.
300 East 42nd Street
New York, NY 10017

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Fl.
New York, NY 10017

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37th Fl.
New York, NY 10123

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007

GOLDBERG. SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241

NORMAN LISS ATTORNEYS-AT-LAW, P.C.

Norman Liss
200 West 57th Street
New York, NY 10019

THE LIETZ LAW FIRM PLLC
David K. Lietz (*admitted pro hac vice*)
DC Bar No. 430557
888 166 Street, NW, Suite 800
Washington, DC 20006

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

and

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
Attorneys for Second Third-Party Defendant
Unicco Service Company d/b/a UGL Unicco,
Formerly Known as Unicco Service Company
845 Third Avenue
New York, NY 10022