UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LIONEL CADELIS,

                Plaintiff,

         v.

GREYHOUND LINES, INC., and THE GOODYEAR TIRE and RUBBER COMPANY,

                Defendants.
------------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                Third Party Plaintiff,

         v.

MOTOR COACH INDUSTRIES, INC., and UGL UNICCO, f/k/a UNICCO Service Company,

                Third-Party Defendants.
------------------------------------------------------------------------X

ELECTRONICALLY FILED

08 CIV. 2439 (PKL)

[Related to]
06 CIV 13371 (PKL)

Jury Trial Demanded

**ANSWER OF MOTOR COACH INDUSTRIES, INC. TO GREYHOUND'S THIRD PARTY COMPLAINT AND CROSS-CLAIM AGAINST GREYHOUND**

      Defendant Motor Coach Industries, Inc. ("MCI"), by its attorneys Novack Burnbaum Crystal LLP, hereby answers the Third-Party Complaint of Defendant/Third Party Plaintiff Greyhound Lines, Inc. ("Third Party Plaintiff"), as follows:

      1.    Admits that Third Party Plaintiff is a Delaware corporation with its principal place of business in Dallas, Texas, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 of the Third Party Complaint.

      2.    Admits the allegations in Paragraph 2 of the Third Party Complaint.

      3.    Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 3 of the Third Party Complaint.

      4.    Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 4 of the Third Party Complaint.

5. Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 5 of the Third Party Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Third Party Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Third Party Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Third Party Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Third Party Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Third Party Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Third Party Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Third Party Complaint and respectfully refers the Court to the Amended Complaint for the contents thereof.

13. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Third Party Complaint and respectfully refers the Court to the Amended Complaint for the contents thereof.

14. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Third Party Complaint and respectfully refers the Court to the Amended Complaint for the contents thereof.

15. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Third Party Complaint and respectfully refers the Court to the Amended Complaint for the contents thereof.

16. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Third Party Complaint and respectfully refers the Court to the Amended Complaint for the contents thereof.

17. Admits that the bus at issue bore VIN 1M8PDMRA6YP052551, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 of the Third Party Complaint.

18. Admits the allegations in Paragraph 18 of the Third Party Complaint.

19. Admits that MCI participated in the design of the subject bus, and denies the remaining allegations of paragraph 19 of the Third Party Complaint.

20. Admits that MCI assembled the subject bus, and denies the remaining allegations of paragraph 20 of the Third Party Complaint.

21. Admits the allegations of paragraph 21 of the Third Party Complaint.

22. Denies the allegations of paragraph 22 of the Third Party Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Third Party Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Third Party Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Third Party Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Third Party Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Third Party Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Third Party Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Third Party Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Third Party Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Third Party Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Third Party Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Third Party Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Third Party Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 of the Third Party Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of the Third Party Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Third Party Complaint.

38. Denies the allegations of paragraph 38 of the Third Party Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Third Party Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

40. Repeats its responses to paragraphs 1 through 39 of the Third Party Complaint in response to the allegations in Paragraph 40 of the Third Party Complaint.

41. Denies the allegations of paragraph 41 of the Third Party Complaint.

42. Denies the allegations of paragraph 42 of the Third Party Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

43. Repeats its responses to paragraphs 1 through 39 of the Third Party Complaint in response to the allegations in Paragraph 43 of the Third Party Complaint.

44. Denies the allegations of paragraph 44 of the Third Party Complaint.

45. Denies the allegations of paragraph 45 of the Third Party Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

46. Repeats its responses to paragraphs 1 through 39 of the Third Party Complaint in response to the allegations in Paragraph 46 of the Third Party Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Third Party Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Third Party Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Third Party Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Third Party Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Third Party Complaint.

52. Denies the allegations of paragraph 52 of the Third Party Complaint.

53. Denies the allegations of paragraph 53 of the Third Party Complaint.

54. Denies the allegations of paragraph 54 of the Third Party Complaint.

55. Denies the allegations of paragraph 55 of the Third Party Complaint.

**AS AND FOR A FOURTH CAUSE OF  
ACTION AGAINST THIRD-PARTY DEFENDANT UNICCO**

56. Repeats its responses to paragraphs 1 through 39 of the Third Party Complaint in response to the allegations in Paragraph 56 of the Third Party Complaint.

57. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 of the Third Party Complaint.

58. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Third Party Complaint.

**AS AND FOR A FIFTH CAUSE OF  
ACTION AGAINST THIRD-PARTY DEFENDANT UNICCO**

59. Repeats its responses to paragraphs 1 through 39 of the Third Party Complaint in response to the allegations in Paragraph 59 of the Third Party Complaint.

60. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the Third Party Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 of the Third Party Complaint.

### AS AND FOR A SIXTH CAUSE OF
### ACTION AGAINST THIRD-PARTY DEFENDANT UNICCO

62. Repeats its responses to paragraphs 1 through 39 of the Third Party Complaint in response to the allegations in Paragraph 62 of the Third Party Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of the Third Party Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 of the Third Party Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Third Party Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Third Party Complaint.

67. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Third Party Complaint.

68. Denies the allegations in Paragraph 68 of the Third Party Complaint.

69. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 of the Third Party Complaint.

70. Denies the allegations in Paragraph 70 of the Third Party Complaint.

71. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 71 of the Third Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

72. The damages allegedly sustained by Third Party Plaintiff were caused solely by its own culpable and negligent conduct or the culpable and negligent conduct of parties other than MCI and were not caused or contributed to by reason of any negligence or other omission or act on the part of MCI.

### SECOND AFFIRMATIVE DEFENSE

73. Third Party Plaintiff is barred from recovery against MCI because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to MCI.

### THIRD AFFIRMATIVE DEFENSE

74. The Third Party Complaint fails to state claims upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

75. The damages allegedly sustained by the Third Party Plaintiff were caused by misuse of the products or materials identified in the Third Party Complaint or by use in a manner not intended or not in accord with instructions and labels and not by any culpable and negligent conduct by MCI.

### FIFTH AFFIRMATIVE DEFENSE

76. If any of the products involved were designed, manufactured, produced and/or sold by MCI, such products were substantially modified, changed and/or altered by third persons over whom MCI exercised no control.

**SIXTH AFFIRMATIVE DEFENSE**

77.     If any of the products involved were designed, manufactured, produced and/or sold by MCI, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

**SEVENTH AFFIRMATIVE DEFENSE**

78.     If any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by MCI, then each such warranty, guarantee or representation was fully satisfied.

**EIGHTH AFFIRMATIVE DEFENSE**

79.     If any of the products in question were manufactured, designed, produced and/or sold by MCI, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications for the purchase orders.

**NINTH AFFIRMATIVE DEFENSE**

80.     Some or all of the claims set forth in the Third Party Complaint are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

81.     If any of the products involved were designed, manufactured, produced and/or sold by MCI, Third Party Plaintiff is barred from recovery against MCI because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to MCI.

**ELEVENTH AFFIRMATVE DEFENSE**

82.     All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to MCI.

**TWELFTH AFFIRMATIVE DEFENSE**

83. Third Party Plaintiff's claims herein are barred by reason of waiver and/or estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

84. If any of the products involved were designed, manufactured, produced and/or sold by MCI, Third Party Plaintiff's claims herein are barred by reason of the terms and conditions of the agreement applicable to the sale of such goods, including the limitations of remedy and damages, and disclaimers of any implied warranties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

85. To the extent that the Third Party Complaint purports to assert a claim or claims seeking damages for "economic losses" under tort theories, such claims and damages are unavailable as a matter of law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

86. Third Party Plaintiff participated in the design of the subject coach and therefore may not now seek recovery from MCI for any alleged design defects.

**SIXTEENTH AFFIRMATIVE DEFENSE**

87. The subject coach was properly designed and manufactured, and thus MCI cannot be held liable for any of the damages alleged in the Third Party Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

88. Other parties and third persons not parties to this action were negligent or legally responsible or otherwise at fault, in whole or in part, for the damages alleged in the Third Party Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

89.     The subject coach conformed to the state-of-the-art for the design and manufacture of such similar products.

**NINETEENTH AFFIRMATIVE DEFENSE**

90.     Third Party Plaintiff's claims are pre-empted by Federal statutory and/or regulatory law.

**TWENTIETH AFFIRMATIVE DEFENSE**

91.     Third Party Plaintiff's claims are barred in whole or in part by the fact that Third Party Plaintiff or other third parties proximately caused, in whole or in part, Third Party Plaintiff's alleged damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

92.     Third Party Plaintiff's claims for alleged defects occurred after the expiration of the sole warranty provided by MCI with respect to the subject bus.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

93.     MCI reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

**AS AND FOR A FIRST CROSS-CLAIM
AGAINST GREYHOUND LINES, INC.**

94.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 55 of the Third Party Complaint with the same force and effect as if set forth herein at length.

95.     If plaintiff was caused to suffer damages as a result of the incidents alleged in the Amended Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of MCI but rather were due, in whole or in part to the negligence,

carelessness, strict liability, breach of contract, or breach of warranty of Third Party Plaintiff and its directors, officers, agents and employees.

96. If MCI is held liable for any of the damages claimed by the plaintiff, then MCI is entitled to contribution and/or indemnification, in whole or in part, from Third Party Plaintiff, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between it and MCI, as well as costs and attorneys fees.

WHEREFORE, Motor Coach Industries, Inc. demands judgment:

(1) dismissing the Third Party Complaint with prejudice;

(2) granting to Motor Coach Industries, Inc. the relief requested in its cross-claim;

(3) awarding Motor Coach Industries, Inc. its costs, disbursements and reasonable attorneys' fees in connection with its defense in this matter; and

(4) granting to Motor Coach Industries, Inc. such other relief as this Court deems just and proper.

Dated: New York, New York
June 9, 2008

Novack Burnbaum Crystal LLP

By: _____
Howard C. Crystal (HC1666)
300 East 42nd Street
New York, New York 10017
(212) 682-4002

Attorneys for Third Party Defendant
Motor Coach Industries, Inc.

To:
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400

CHAPMAN ZARANSKY LLP
114 Old Country Road, Suite 680
Mineola, New York 11501
(516) 741-6601

LAW OFFICES OF JAY H. TANENBAUM
110 Wall Street, 16th Floor
New York, New York 10005
(212) 422-1765

8122936_2